UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA CAMPBELL | CIVIL ACTION |
| VERSUS | NO. 22-4525 |
| ACE AMERICAN INSURANCE COMPANY and TARGET CORPORATION OF MINNESOTA | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 23)** filed by Defendant, Target Corporation of Minnesota ("Target"), an opposition thereto (Rec. Doc. 27) filed by Plaintiff Barbara Campbell, and Target's reply (Rec. Doc. 30). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This action involves a claim for personal injuries that Plaintiff allegedly sustained as a result of a slip-and-fall that occurred at the Target Store location in Covington Louisiana. In her complaint, Plaintiff alleged that on or about November 18, 2021, she was walking into the Target Store "when she tripped and fell on a rug that was folded over on the ground at the entrance of the Store" causing her to fall, strike her head on a piece of metal holding the rug down, and incur injuries to her head, wrist, face, neck and back. (Rec. Doc. 1, at 2). Plaintiff maintained that Target was responsible for her injuries due to various acts of negligence.

1

According to Plaintiff's deposition testimony, she walked into the store while looking down, and her foot caught on metal stripping holding the carpet in place at its meeting with the tile flooring. (Rec. Doc. 23-3, at 3, 5-6). In her deposition, she also admitted that she did not trip and fall over a rug folded over, as stated in the complaint. *Id.* at 7. She also noted that she did not see anything wrong with the piece of metal she tripped on, and that there was nothing else on the floor that caused the incident, such as debris or water. *Id.* at 8-9. She identified photos of the area where she fell and agreed that the photos did not show the metal stripping elevated or popping up. *Id.* at 12-13.

## PARTIES' ARGUMENTS

On December 18, 2023, Target moved for summary judgment, arguing that Plaintiff's fall was an unexplained incident occurring through no fault of Target. (Rec. Doc. 23). Target's primary contention is that Plaintiff is unable to carry her burden of proof to show an unreasonable risk of harm, as is required for either premises or merchant liability under Louisiana law, because there was no defect present in the tile, carpet, or metal transition strip to suggest a cause of Plaintiff's fall. (Rec. Doc. 23-2, at 10). Thus, Target argues, the transition strip was open and obvious and there is no evidence that the strip was defective in any way or was unreasonably dangerous. *Id.*

In support of this argument, Target cites to Plaintiff's deposition testimony as well as an affidavit of the store's Executive Team Leader for Asset Protection. *Id.* at 2. The Team Leader stated that she inspected the area of the fall, and her inspection

2

did not reveal any defects, damages, or out-of-place parts of the tile, carpet, or transition strip. (Rec. Doc. 23-4, at 2). She also completed a Guest Incident Report using Plaintiff's description of the incident and took photos of the area. *Id.* at 3-6. The incident report states, next to "Why did it happen?" that Plaintiff "fell forward and hit head on corner of fixture," and that the incident occurred at 5:30 p.m. *Id.* at 3. The report also says that Plaintiff told the Team Leader "that her shoe caught on the floor." *Id.* at 4. The three included color photos, taken on November 18, 2021 at 5:57 p.m., do not indicate any irregularity in the flooring or transition strip between types of flooring. *Id.* at 6.

Target also emphasizes that, in the three-year period prior to and including the date of the incident, the only reported fall out of 3.3 million customers was Plaintiff's. (Rec. Doc. 23-2, at 10). Target cites to an affidavit of Target's Lead Paralegal regarding a store transaction report and customer count at the Covington store. (Rec. Doc. 23-5).

Plaintiff argues that summary judgment is not warranted, relying on Plaintiff's affidavit stating she tripped on an "unsafe strip of metal dividing the tiled aisleway from the carpeted shopping area." (Rec. Doc. 27-2, at 1). Plaintiff contends that the evidence provided by Target is not sufficient for summary judgment without the Court making improper credibility determinations. (Rec. Doc. 27, at 7). Plaintiff also notes that the statistic of the number of customers visiting the store in question does not provide support for summary judgment in this case because it does not

3

pertain to the condition of the metal stripping at the time Plaintiff actually fell. *Id.* at 8-9.

In reply, Target notes that Plaintiff's opposition and included affidavit contradicts her deposition testimony identifying in photos that nothing was wrong with the transition strip. (Rec. Doc. 30, at 2). Target also argues that, because Plaintiff does not dispute with any photos, evidence or testimony the statement that the flooring was not defective, damaged, or out of place, Plaintiff not only failed to characterize the defect but also has no evidence suggesting a dangerous condition existed. *Id.* at 2-3.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be

satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Under Louisiana law, a merchant's liability in a slip and fall matter is governed by Louisiana Revised Statute 9:2800.6. The statute imposes upon a merchant a duty "to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition," which "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id*. When a merchant is sued for damages resulting from a fall due to a condition existing in or on the premises, a plaintiff seeking to recover must prove, in addition to all other elements of the cause of action, each of the following requirements:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). Failure to prove any of these required elements is fatal to a plaintiff's claim. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 9/9/97); *Evans v. Winn-Dixie Montgomery*, LLC, 15-191, p. 7 (La. App. 5 Cir. 10/28/15), 177 So. 3d 386, 392 (citations omitted).

In assessing whether a condition presents an unreasonable risk of harm, the Louisiana Supreme Court has adopted a risk-utility test that balances several factors, specifically: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Martin v. Boyd Racing, L.L.C.*, 681 Fed. Appx. 409, 411 (5th Cir. 2017) (citing *Bufkin v. Felipe's La., LLC*, 14-288, p. 6 (La. 10/15/14); 171 So. 3d 851, 856). However, "[a] plaintiff must first show that he has fallen on a foreign substance or object on the floor in order to establish a prima facie case." *Radlein v. Holiday Inns, Inc.*, 07-322, p. 5 (La. App. 4 Cir. 11/14/07), 971 So.2d 1200, 1203, citing *Jones v. City of New Orleans*, 559 So.2d 28 (La. App. 4 Cir. 1990).

Here, Plaintiff has produced no evidence to suggest that the metal stripping or any other condition of Target's floor caused Plaintiff to fall. The incident report

suggests that Plaintiff told a Target employee that her shoe got caught on the floor. Although Plaintiff's affidavit states that she tripped on "an unsafe strip of metal," the photos of the area, which Plaintiff recognized, demonstrate that there were no defects in the flooring transition strip, and Plaintiff also agreed that there were no defects or irregularities. Because Target pointed out that evidence in the record is insufficient with respect to the unreasonable risk of harm element, Plaintiff may defeat summary judgment only by submitting or referring to evidence to set out specific facts showing a genuine issue exists regarding the cause of her fall. Beyond conclusory assertions that the strip was defective or unsafe, Plaintiff's opposition does not provide a measure of the height or angle of the transition strip, nor expert testimony, to show that the transition strip created an unreasonable risk of harm in any specific way. *See Scherer v. PNK (Bossier City)*, Inc., 47,901 (La. App. 2 Cir. 3/20/13), 112 So. 3d 931 (affirming grant of summary judgment because transition strip did not present an unreasonable risk of harm); *Degree v. Galliano Truck Plaza, LLP*, 2018-0663 (La. App. 1 Cir. 1/10/19), 271 So. 3d 315, 319. (affirming summary dismissal because plaintiffs failed to produce evidence creating a genuine issue that the transition strip was not open and obvious). Based on the foregoing, Plaintiff has failed to carry her evidentiary burden and failed to present a genuine issue of material fact which would preclude summary judgment. The Court has not made any credibility evaluations in reaching this decision.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Target's *Motion for Summary Judgment* **(Rec. Doc. 23)** is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 19th day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE